UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDY AROCHA,

               Plaintiff,

    v.

CDCR, et al.,

               Defendants.

Case No. 23-cv-01733-RS (PR)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff's allegations in his first amended 42 U.S.C. § 1983 complaint are prolix and confusing.  Accordingly, the first amended complaint is DISMISSED with leave to file a second amended complaint on or before **May 1, 2024**.  Failure to file a proper amended complaint by May 1, 2024, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit and the entry of judgment in favor of defendants.

Plaintiff's motion for a protective order is DENIED.  (Dkt. No. 16.)  His motion to waive court fees is DENIED as moot because his application to proceed in forma pauperis was granted.  (Dkt. No. 15.)

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

The first amended complaint is 61 pages, confusing, and raises unrelated claims. Its length, prolixity, and unrelated claims violate federal pleading rules. Prolixity violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted).

In the present amended complaint, plaintiff alleges claims against different defendants acting at different places at different times, including acts that occurred in the 1990s and at prisons outside this district.  The acts involve mail mishandling, sexual harassment, PREA complaints, assaults by inmates, and more.  This inclusion of unrelated claims violates Rule 20.  Federal pleading rules require that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).  In his second amended complaint, he must decide which set of claims he wishes to pursue.  He may then allege facts that give rise to that claim or claims, all of which must be closely related in time and by factual circumstances.

The first amended complaint is DISMISSED with leave to file a second amended complaint.  <u>The second amended complaint must be no longer than 20 pages in length and it must focus on one set of defendants whose acts arise from a common core of facts</u>.  If the complaint is longer than 20 pages, it likely will be dismissed for failure to follow court instructions.  If the complaint raises unrelated claims, it likely will be dismissed on the same grounds.

## MOTIONS

Because plaintiff has not stated claims that comply with federal pleading rules, his motion for a protective order is DENIED.  (Dkt. No. 16.)  His motion to waive court fees is DENIED as unnecessary because his in forma pauperis application was granted.  (Dkt. No. 15.)

## CONCLUSION

The first amended complaint is DISMISSED with leave to file a second amended complaint on or before **May 1, 2024**.  The second amended complaint must include the caption and civil case number used in this order (23-01733 RS (PR)) and the words SECOND AMENDED COMPLAINT must appear on the first page.  <u>The second amended complaint must also appear on this Court's form</u>.  Because an amended complaint

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
CASE NO. 23-cv-01733-RS

1   completely replaces the previous complaints, plaintiff must include in his second amended

2   complaint all the claims he wishes to present and all of the defendants he wishes to sue.

3   *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate

4   material from any prior complaint by reference.  Failure to file an amended complaint in

5   accordance with this order will result in dismissal of this action under Federal Rule of

6   Civil Procedure 41(b) without further notice to plaintiff.

7        The second amended complaint must be no longer than 20 pages in length and it

8   must focus on one set of defendants whose acts arise from a common core of facts.  If the

9   complaint is longer than 20 pages, it likely will be dismissed for failure to follow court

10   instructions.  If the complaint raises unrelated claims, it likely will be dismissed on the

11   same grounds.

12        It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

13   informed of any change of address by filing a separate paper with the clerk headed "Notice

14   of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

15   for an extension of time to do so.  Failure to comply may result in the dismissal of this

16   action pursuant to Federal Rule of Civil Procedure 41(b).

17        Plaintiff's motion for a protective order is DENIED.  (Dkt. No. 16.)  His motion to

18   waive court fees is DENIED.  (Dkt. No. 15.)  The Clerk shall terminate all pending

19   motions.

20        **IT IS SO ORDERED.**

21   **Dated:**  March 29, 2024

22

23   RICHARD SEEBORG
     Chief United States District Judge