UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY AROCHA,<br>　　　　Plaintiff,<br>　　v.<br>CDCR, et al.,<br>　　　　Defendants. | Case No. 23-cv-01733-RS (PR)<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff's second amended 42 U.S.C. § 1983 complaint is before the Court for review pursuant to 28 U.S.C. § 1915A(a).  This federal civil rights action is DISMISSED (without prejudice) because plaintiff has failed to state a claim for relief and comply with federal pleading rules in any of his three complaints.  Because this dismissal is without prejudice, plaintiff may move to reopen.  Any such motion must be accompanied with an amended complaint that complies with federal pleading rules and states a claim for relief.

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1    A "complaint must contain sufficient factual matter, accepted as true, to 'state a
2    claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
3    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial
4    plausibility when the plaintiff pleads factual content that allows the court to draw the
5    reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
6    *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal
7    conclusions cast in the form of factual allegations if those conclusions cannot reasonably
8    be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55
9    (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
10   essential elements: (1) that a right secured by the Constitution or laws of the United States
11   was violated, and (2) that the alleged violation was committed by a person acting under the
12   color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff's original complaint was dismissed with leave to amend. He made conclusory allegations against supervisory defendants; raised unrelated claims against persons at several prisons (some which were outside the Northern District); and his claims were confusing. (Dkt. No. 7 at 2-3.) His first amended complaint was dismissed with leave to amend because it was prolix at 61 pages, confusing, and raised unrelated claims, thereby violating federal pleading rules. (Dkt. No. 17 at 2-3.)

Plaintiff's second amended complaint fails to state a claim for relief. He alleges in a conclusory fashion that from 2006 to 2024 various CDCR employees at various prisons recorded plaintiff engaging in non-consensual sexual activity and at another time being strip-searched, and then proceeded to share these images and recordings with other employees. (Second Am. Compl., Dkt. No. 18 at 5-6, 7-8.) He alleges that this has led to harassment and abuse; voyeurism; labelling him as a gay inmate, a rapist, a child molester and a sex offender; and attempts to extort, harass, and blackmail his family. (*Id.* at 5-9, 11.) His allegations are conclusory in that he simply lists employees and states they are

responsible for the production and distribution of the images and recordings.  His allegations of harassment and abuse lack specifics and are largely conclusory.  He does not describe any specific instances of voyeurism or how plaintiff knew that employees were distributing images or how he knows they were inviting others to view the recordings and images.  Also, because he alleges that these acts occurred over many years and at different prisons (some outside the Northern District), it is difficult, if not impossible, to tell who committed what wrong and where.

Plaintiff has had three attempts at trying to state a claim for relief and to comply with federal pleading rules and has not been successful.  Accordingly, this federal civil rights action will be dismissed without prejudice to plaintiff filing an amended complaint that corrects these deficiencies.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice to plaintiff filing an amended complaint that states a claim for relief and complies with federal pleading rules.  Because this dismissal is without prejudice, plaintiff may move to reopen.  Any such motion must (1) have the words MOTION TO REOPEN written on the first page; and (2) be accompanied by an amended complaint in which plaintiff pleads factual content that allows the Court to draw the reasonable inference that each defendant is liable for the misconduct alleged.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  October ___, 2024

_____
RICHARD SEEBORG
Chief United States District Judge